

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00543-CR

Victor Antonio **MARTINEZ BLANCO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 19-07-13332-CR
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:   Beth Watkins, Justice
Concurring Opinion by:  Rebeca C. Martinez, Chief Justice

Sitting:      Rebeca C. Martinez, Chief Justice
              Luz Elena D. Chapa, Justice
              Beth Watkins, Justice

Delivered and Filed: July 26, 2023

AFFIRMED

A jury convicted Victor Antonio Martinez Blanco of evading arrest with a motor vehicle and the trial court sentenced him to seven years' imprisonment. In a single issue on appeal, Martinez Blanco contends he received ineffective assistance of counsel. We affirm.

## BACKGROUND

When he was arrested, Martinez Blanco was a resident with legal status in the United States. The appellate record contains no information about any plea-bargain agreements the State may have offered Martinez Blanco or advice he may have received from his court-appointed

counsel before he pled not guilty. On appeal, he claims trial counsel was ineffective for failing to properly advise him of the immigration consequences of taking his case to trial.

ANALYSIS

*Applicable Law*

To prevail on a claim of ineffective assistance of counsel, an appellant must establish that counsel's performance was deficient and he suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Ex parte Aguilar*, 537 S.W.3d 122, 126 (Tex. Crim. App. 2017) (internal quotation marks omitted). Prejudice exists if an appellant shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

An appellant "bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Id.* at 813. He must overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" and "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* On direct appeal of an ineffective assistance of counsel claim, there is "[a] substantial risk of failure" because "[i]n the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id.* at 813–14.

In *Padilla v. Kentucky*, the United States Supreme Court reviewed a claim of ineffective assistance of counsel relating to legal advice counsel provided on the immigration consequences of a criminal conviction. *Padilla v. Kentucky*, 559 U.S. 356, 359 (2010). The Court reasoned

"immigration law can be complex, and it is a legal specialty of its own." *Id.* at 369. The Texas Court of Criminal Appeals has similarly recognized, "[a]lthough criminal and immigration law often interact, criminal law attorneys are not necessarily specialists in immigration law." *Ex parte Aguilar*, 537 S.W.3d at 125. The "objective standard of reasonableness" looks different for criminal defense attorneys when criminal law outcomes result in immigration law consequences, and that standard changes depending on how clear the immigration consequences are. *Padilla*, 559 U.S. at 369. If "the law is not succinct and straightforward, . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* "But when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear." *Id.*

### *Application*

Martinez Blanco contends trial counsel was ineffective for failing to advise him of immigration consequences of "taking his case to trial." On appeal, he claims he would not have gone to trial and instead would have accepted a plea-bargain agreement if he had been informed that a conviction would result in his deportation.

To establish ineffective assistance, Martinez Blanco has to demonstrate that if he had been properly advised of the immigration consequences of taking his case to trial—and, presumably, a conviction—he instead would have accepted a plea-bargain agreement that would have allowed him to remain in the United States. *Cf. Padilla*, 559 U.S. at 369. But, as Martinez Blanco concedes on appeal, "[i]t is unclear from the record what plea offers were made to Appellant prior to his trial." The undeveloped record here simply does not demonstrate that the State offered Martinez Blanco any plea-bargain agreement, much less a plea-bargain agreement that would have allowed him to avoid deportation. In the absence of such evidence, any conclusion that he would have an option to avoid deportation would be purely speculative. *Cf. Lee v. United States*, 582 U.S. 357,

369–70 (2017) (finding ineffective assistance where record supported defendant's claim that he would not have pled guilty had counsel correctly advised him that upon conviction, deportation was mandatory; defendant was informed on the record at the plea colloquy that his conviction "could result in your being deported"; answered in the affirmative when asked whether the deportation consequences "affect your decision about whether you want to plead guilty or not"; defendant sought advice from counsel; and "counsel assured him that the judge's statement was a 'standard warning'"). In these circumstances, we must conclude that he has not overcome the presumption of effective assistance of counsel. *See Thompson*, 9 S.W.3d at 813.

**CONCLUSION**

For the foregoing reasons, we overrule Martinez Blanco's sole issue on appeal and affirm the trial court's judgment in all respects.

Beth Watkins, Justice

DO NOT PUBLISH